**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4430**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES EDWARD HATTEN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-02-232)

———————

Submitted: October 21, 2005       Decided: November 22, 2005

———————

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a guilty plea to conspiracy to manufacture and distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 846 (2000), and using, carrying, and discharging a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c)(1)(A)(iii), (j)(1) (West 2000 & Supp. 2005), the district court sentenced Charles Edward Hatten to 520 months in prison. Hatten appeals, arguing that he should be permitted to withdraw his guilty plea and challenging the validity of his sentence. We affirm Hatten's conviction, vacate his sentence, and remand for resentencing.

Hatten contends that the government breached the plea agreement by arguing for the application of the murder cross reference of U.S. Sentencing Guidelines Manual § 2D1.1(d)(1) (2003). We agree with the district court's conclusion that the government did not breach the plea agreement.

The parties are in apparent agreement that Hatten is entitled to be resentenced in light of United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Accordingly, although we affirm Hatten's conviction, we vacate his sentence and remand for resentencing in light of Hughes.[*] Because we are vacating Hatten's sentence, we need not address Hatten's other sentencing claims.

---

[*]Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Hatten's sentencing. 401 F.3d at 545 n.4.

- 2 -

Even though the Sentencing Guidelines are no longer mandatory, <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." <u>Id.</u> at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546 (applying <u>Booker</u> on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. <u>Hughes</u>, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reasons for imposing a non-Guidelines sentence as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2005). The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Hughes</u>, 401 F.3d at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>
